# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BARBARA DOWNZ**<br>*Plaintiff,*<br><br>                    v.<br><br>**CITIZENS BANK, N.A.**<br>*Defendant.* | **CIVIL ACTION NO. 24-1529** |

## MEMORANDUM RE: MOTION TO DISMISS

**Baylson, J.**                                                                                       **November 18, 2024**

Plaintiff Barbara Downz ("Plaintiff"), a 74-year-old woman, alleges that she was the victim of fraud perpetrated through her Home Equity Line of Credit ("HELOC") and checking account with Citizens Bank, N.A. ("Citizens Bank" or "Defendant"). Plaintiff alleges the following five claims against Citizens Bank:

1. Negligence (Count I);

2. Negligence per se (Count II);

3. Violation of the unfair trade practices and consumer protection law ("UTPCPL") (Count III);

4. Aiding and abetting fraud (Count IV); and

5. Breach of contract (in the alternative) (Count V).

Presently before the Court is Citizens Bank's Motion to Dismiss all counts of the Amended Complaint for failure to state a claim. For the reasons stated below, Citizen Bank's Motion is **GRANTED IN PART** and **DENIED IN PART**. Citizen Bank's Motion is **GRANTED** as to the negligence per se claim, and is **DENIED** as to the negligence, UTPCPL, aiding and abetting fraud, and breach of contract claims.

1

I.  **RELEVANT FACTUAL ALLEGATIONS**

Plaintiff is a 74-year-old woman who has both a home equity line of credit ("HELOC") and a personal checking account with Citizens Bank. Am. Compl. (ECF 12) at ¶¶ 1, 13–14. The Amended Complaint alleges that Plaintiff entered into an agreement for a HELOC with Citizens Bank on September 21, 2020 (the "HELOC Agreement"), and that the HELOC extended a revolving line of credit in the amount of $132,000.00. Id. ¶¶ 19-20 (citing Ex. A).

A.  **The Alleged Fraudulent Schemes**

The Amended Complaint alleges that Plaintiff was the victim of an elaborate two-part fraudulent scam involving both her accounts with Citizens Bank.

1.  **Scam #1: "C.J. Thomas"**

In November 2021, an alleged fraudster posing as "C.J. Thomas" attempted multiple times to deposit fraudulent funds into Plaintiff's accounts: one for $12,000 on or around November 2, 2021, which was returned due to insufficient funds on November 4, 2021, and another for $4,000 on around November 5, 2021, which was also returned as altered on November 9, 2021. Id. ¶¶ 31–32.

On the third try, the scammer allegedly attempted to fraudulently deposit $131,900 into Plaintiff's HELOC on November 15, 2021. The Amended Complaint alleges that the deposit was returned as "unauthorized" on December 2, 2021, but that Citizens Bank's online banking application ("app") allegedly credited this $131,900 deposit and reflected that Plaintiff's HELOC had an inflated available balance of $131,908.46. Id. ¶¶ 37–38. However, Plaintiff allegedly only had an available balance of $8.46. Id. ¶¶ 39–41. Because of the bank's alleged misrepresentation of Plaintiff's balance in her HELOC, the scammer was allegedly able to convince Plaintiff that he had mistakenly deposited $131,900 into her HELOC and that the money—which was never actually available to Plaintiff—needed to be returned. Id. ¶¶ 34–35, 42, 45.

2

The Amended Complaint alleges that on November 17, 2021, Plaintiff transferred $60,000 from her HELOC to her personal checking account, an overdraft of $59,991.54, and began sending payments to the scammer from her checking account. Id. ¶¶ 46–48.

2. **Scam #2: "Derrick Vinson"**

A few days later, on November 21, 2021, a second scammer identifying himself as "U.S. Marshall Derrick Vinson" allegedly posed as a Department of Homeland Security employee and informed Plaintiff that C.J. Thomas was a scammer who had placed illegal money into her accounts. Vinson allegedly threatened Plaintiff with prosecution unless she "returned" the $131,900 from her HELOC to the federal government. Id. ¶¶ 49–55. Notwithstanding that no such money was ever available to Plaintiff as part of her HELOC, the Amended Complaint alleges that Citizens Bank continued its erroneous reporting of Plaintiff's available HELOC balance in its app and in Plaintiff's November 28, 2021 monthly mortgage statement. Id. ¶ 58.

Plaintiff alleges she complied with the scammer's instructions. Plaintiff alleges she transferred $45,000 from her HELOC to her checking account, causing her to unknowingly overdraft again. Id. ¶¶ 56–57. The Amended Complaint alleges that Plaintiff was unaware these substantial advances from her HELOC were overdrafts because of Citizens Bank's alleged misrepresentations regarding Plaintiff's available balance. Id. ¶ 59.

B. **Defendant Allegedly Fails to Protect Plaintiff From Fraud**

The Amended Complaint alleges that by December 2, 2021, but perhaps earlier, Citizens Bank was aware that the $131,900 deposited into Plaintiff's HELOC by C.J. Thomas was fraudulent.[1] Id. ¶ 74. Notwithstanding Citizens Bank's awareness of the fraud, the Amended

---

[1] On January 25, 2024, Plaintiff allegedly filed a complaint with the Attorney General of Pennsylvania, alleging that Citizens Bank had "actual knowledge" of fraud after the $131,900 attempted deposit into Plaintiff's line of credit in November 2021. Id. ¶¶ 107, 158.

Complaint alleges that Citizens Bank never communicated with Plaintiff to warn her that she was the victim of an alleged fraud, aside from an attempted phone call. Id. ¶¶ 76–78, 82. As a result, the Amended Complaint alleges that Plaintiff continued sending money to fraudsters from her checking account through at least January 14, 2022, with Citizens Bank approving at least nineteen separate transactions, despite allegedly knowing she was withdrawing over-drafted funds. Id. ¶¶ 70, 78–79.

Plaintiff alleges that the $105,000 she unknowingly over-drafted from her HELOC caused the outstanding principal balance on the line of credit to skyrocket and, consequentially, her monthly loan repayments to balloon. Id. ¶¶ 83–84, 86. Plaintiff alleges she often could not make the full payments and regularly accrued late fees. Id. ¶¶ 88–89. In September 2023, Citizens Bank allegedly threatened to foreclose on Plaintiff's home for failing to make her payments. Id. ¶¶ 95, 97.

## II.   PROCEDURAL HISTORY

Plaintiff commenced this action in the Philadelphia Court of Common Pleas on January 29, 2024. ECF 1 at ¶ 1. On April 12, 2024, Citizens Bank removed the case to this Court. See generally id. On June 13, 2024, Plaintiff filed an Amended Complaint (ECF 12), asserting the following five claims:

1. Negligence;
2. Negligence per se;
3. Unfair Trade Practices and Consumer Protection Law ("UTPCPL");
4. Aiding and abetting fraud; and
5. Breach of contract (in the alternative).

On August 7, 2024, Citizens Bank filed a Motion to Dismiss all counts for failure to state a claim and failure to state with particularity the circumstances relating to fraud. ECF 19. Plaintiff

4

responded on September 4, 2024, ECF 22, and Citizens Bank filed a reply on September 11, 2024. ECF 23.

**III.     PARTIES' CONTENTIONS**

Citizens Bank first argues that Plaintiff's tort and statutory claims (Counts I–IV of the Amended Complaint) are barred by Pennsylvania's gist of the action doctrine, which precludes tort claims that merely replicate a contract claim. ECF 19 at 5–9. Citizens Bank next contends that the tort claims (Counts I, II, and IV) are time-barred, as Plaintiff was aware of her injury by December 31, 2021 at the latest, more than two years prior to filing her complaint. Id. at 10–11. Citizens Bank further argues that the Amended Complaint fails to plead a claim for aiding and abetting fraud (Count IV) with specificity under Rule 9(b) of the Federal Rules of Civil Procedure, as the Amended Complaint alleges the bank only learned of the fraud after it occurred and acted accordingly. Id. at 12–13. Lastly, Citizens Bank asserts that the alternative breach of contract claim is precluded by the express terms of the contract requiring notice of alleged mistakes in bank statements. Id. at 15–16.[2]

Plaintiff counters that Citizens Bank's gist of the action argument is premature on a motion to dismiss, and in any event, the Amended Complaint alleges a violation of duties existing beyond the contract. ECF 22 at 13–35. Plaintiff also argues that dismissal on statute of limitations grounds is inappropriate because (1) it requires a fact intensive inquiry which is improper on a motion to dismiss and (2) the statute of limitations is equitably tolled by the discovery rule and/or because Citizens Bank allegedly concealed the fraud. Id. at 41–48. Plaintiff further argues that the Amended Complaint sufficiently pleads Citizen Bank's knowledge of the fraud and substantial assistance by allegedly misrepresenting the amounts in Plaintiff's account and allowing continued

---

[2] Defendant also argues that negligence per se (Count II) cannot be pled as a stand-alone cause of action under Pennsylvania law. Id. at 21-22. Plaintiff agrees. ECF 22 at 25 n.16.

fraudulent transactions. Id. at 36–40. Plaintiff lastly contends that Citizen Bank's argument for dismissing the breach of contract claim misconstrues the Amended Complaint's allegation that Citizens Bank breached the contract by extending Plaintiff credit beyond her contractual limit. Id. at 48–50.

## IV. LEGAL STANDARD

### A. Rule 12(b)(6)

To survive a motion to dismiss under Federal Rule 12(b)(6), a plaintiff must include sufficient facts in the complaint that, accepted as true, "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A complaint is insufficient if it suggests only the "mere possibility of misconduct" or is a "[t]hreadbare recital[] of the elements of a cause of action, supported by mere conclusory statements," Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009) (citing Twombly, 550 U.S. at 555), and so it will not suffice if it is "devoid of further factual enhancement," Iqbal, 556 U.S. at 678 (citation omitted). Thus, in considering a motion to dismiss, the Court accepts all factual allegations as true and views them in a light most favorable to the plaintiff, Doe v. Univ. of Sciences, 961 F.3d 203, 208 (3d Cir. 2020), but may not "assume that [the plaintiff] can prove facts that it has not alleged[,]" Twombly, 550 U.S. at 563 n.8 (quoting Associated Gen. Contractors of Cal., Inc. v. Carpenters, 459 U.S. 519, 526 (1983)).

### B. Rule 9(b)

Federal Rule 9(b) imposes a heightened pleading standard (the "particularity" requirement) for allegations of fraud. Rule 9(b) may be satisfied by describing the circumstances of the alleged fraud with precise allegations of date, time, or place, or by using some means of injecting precision and some measure of substantiation into the allegations of fraud. Bd. of Trs. of Teamsters Local 863 Pension Fund v. Foodtown, Inc., 296 F.3d 164, 172 n. 10 (3d Cir. 2002).

V.  DISCUSSION

A. <u>**Plaintiff's Negligence Claim Is Not Precluded By The Gist Of The Action Doctrine And is Not Time-Barred**</u>

Citizens Bank seeks dismissal of Plaintiff's claim for negligence (Count I) as barred by Pennsylvania's gist of the action doctrine and by the two-year statute of limitations.

1. **Gist of the Action**

The gist of the action doctrine precludes a tort claim where the claim is essentially "a claim against the party for breach of its contractual obligations." <u>Bruno v. Erie Ins. Co.</u>, 630 Pa. 79, 106 A.3d 48, 53 (Pa. 2014). To determine whether the gist of the action is a breach of contract or a tort, courts look to the nature of the defendant's purported duty. See <u>Sales Benchmark Index LLC v. DeRosa</u>, 18-cv-2680, 2018 WL 3918090, at *4 (E.D. Pa. Aug. 2018) (Savage, J.) (citing <u>Bruno</u>, 106 A.3d at 63). Where the duty is defined by a contract and the dispute is about whether a defendant did something he was contractually required to do, the plaintiff is limited to contractual damages. See <u>SEI Invs. Glob. Funds Servs. v. Citibank, N.A.</u>, 100 F. Supp. 3d 447, 453 (E.D. Pa. 2015) (Beetlestone, J.). Alternatively, if the duty arises out of a "broader social duty owed to all individuals, which is imposed by the law of torts and, hence exists, regardless of the contract," then a cause of action sounding in tort lies. <u>Bruno</u>, 106 A.3d at 68–69.

Plaintiff's negligence claim is based in part on Citizens Bank's alleged failure to monitor Plaintiff's account for fraud, warn Plaintiff of any instances of suspected fraud, and prevent Plaintiff from obtaining the fraudulently deposited HELOC funds that had been transferred from the line of credit to her checking account. Am. Compl. ¶ 119. Those duties are "imposed by the law of torts and, hence exist[ ], regardless of the contract." <u>Bruno</u>, 106 A.3d at 68–69.

Specifically, the Amended Complaint alleges that Citizens Bank was on notice of suspicious activity with Plaintiff's accounts before the fraudster C.J. Thomas attempted to deposit

$131,900 into Plaintiff's HELOC.  C.J. Thomas had previously attempted to deposit fraudulent funds into Plaintiff's checking account twice which Citizens Bank rejected within days.  Am. Compl. ¶¶ 30–33.  Plaintiff plausibly pleads that Citizens Bank was aware of the attempted fraudulent deposit of $131,900 at latest on December 2, 2021, id. ¶ 74, yet allegedly continued to allow Plaintiff to withdraw money from her checking account that was over-drafted.  Id. ¶¶ 78–82.  Thus, because Plaintiff's negligence claim seems to be predicated on duties that do not arise from the contract, Plaintiff's claim is not barred by the gist of the action doctrine.  Id. ¶¶ 119-32.

### 2. Statute of Limitations

Pennsylvania imposes a two-year statute of limitations for negligence and fraud claims.  42 Pa. C.S. § 5524(7).  The statute begins to run "when an injury is inflicted and a corresponding right to institute a suit for damages arises."  Gleason v. Borough of Moosic, 15 A.3d 479, 484 (Pa. 2011) (citing Wilson v. El-Daief, 964 A.2d 354, 361 (Pa. 2009)).  However, the discovery rule operates to toll the running of the statute of limitations "until the injured party discovers or reasonably should discover that he has been injured and that his injury has been caused by another party's conduct."  Fine v. Checcio, 870 A.2d 850, 858–59 (Pa. 2005).  Application of the discovery rule is a fact-intensive inquiry which is ordinarily determined by a jury.  Gleason, 15 A.3d at 485.

Although Plaintiff's injury on the face of the Amended Complaint may have arisen by latest December 2021, the Court agrees with Plaintiff that at this juncture it cannot determine whether application of the discovery rule is appropriate.  According to the Amended Complaint, Plaintiff is a 74-year-old woman who fell victim to an elaborate fraud scheme and did not know of her injury because Citizens Bank allegedly did not inform her of the fraud and misrepresented her account balance.  While "reasonable diligence is an objective test," the Pennsylvania Supreme Court has found that it is "sufficiently flexible…to take into account the difference[s] between persons and their capacity to meet certain situations and the circumstances confronting them at the

time in question." Fine, 870 A.2d at 858 (quoting Crouse v. Cyclops Indus., 745 A.2d 606, 611 (Pa. 2000)). Because further factual development is necessary, the Court at this stage of the proceedings declines to bar Plaintiff's negligence claim as untimely. The Court will therefore **deny** Citizen Bank's motion to dismiss count I.

### B. Plaintiff's Negligence Per Se Claim (Count II) Is Dismissed

Plaintiff concedes that the claim for negligence per se is subsumed by Plaintiff's negligence claim. ECF 22 at 25 n.16. Accordingly, count II is **dismissed with prejudice** and subsumed within the negligence claim in count I.

### C. Plaintiff's UTPCPL Claim Is Not Barred By The Gist Of The Action Doctrine

Citizens Bank asserts that Plaintiff's claim under the UTPCPL is precluded under the gist of the action doctrine. The Court disagrees.

The Amended Complaint alleges that Citizens Bank breached the UTPCPL by misrepresenting to Plaintiff that the scammer's $131,900 was available to Plaintiff in her HELOC and checking account, particularly after Citizens Bank allegedly became aware that the funds were fraudulent and returned. Am. Compl. ¶ 144. Plaintiff allegedly relied on this misrepresentation, causing her to fall for the scheme and believe the $131,900 was mistakenly deposited in her account and needed to be returned to the scammers. By contrast, the Amended Complaint does not allege any contractual obligation set forth in the HELOC Agreement requiring accurate reporting of available balances, and Citizens Bank does not point to any. The Court finds that at this stage of the case, the contract itself is collateral to any allegedly deceptive conduct as pled in the Amended Complaint. See Earl v. NVR, Inc., 990 F.3d 310, 316 (3d Cir. 2021); Knight v. Springfield Hyundai, 81 A.3d 940, 951 (Pa. Super. Ct. 2013). The Court will therefore **deny** Defendant's motion to dismiss count III.

### D. Plaintiff States A Claim For Aiding And Abetting Fraud (Count IV)

Citizens Bank argues that the claim for aiding and abetting fraud fails on the merits and is barred by the statute of limitations and the gist of the action doctrine.

A plaintiff alleging an aiding and abetting fraud claim must allege (1) the existence of a fraud by a third party; (2) that the defendant had "actual knowledge" of the fraud; and (3) the defendant provided "substantial assistance or encouragement" to the fraud. Horn v. JPMorgan Chase & Co., No. CV 23-1693, 2024 WL 1142872, at *2 (E.D. Pa. Mar. 15, 2024) (citing Marion v. Bryn Mawr Trust Co., 288 A.3d 76, 79 (Pa. 2023)). The U.S. Supreme Court has recently observed, "actual knowledge can be proved through 'inference from circumstantial evidence.'" Intel Corp. Inv. Pol'y Comm. v. Sulyma, 589 U.S. 178, 189 (2020).

Plaintiff's allegations plausibly allege each element of this cause of action under a heightened pleading standard. Plaintiff plausibly alleges Citizens Bank had actual knowledge of the fraudulent schemes based on two prior unauthorized fraudulent deposits into Plaintiff's checking account that Citizens Bank flagged and returned. Plaintiff further plausibly alleges that Citizens Bank substantially assisted in the fraud because Citizens Bank never alerted Plaintiff of the fraud and allegedly misrepresented Plaintiff's available HELOC balance, thus assisting in the perpetuation of the fraud. Id. at ¶¶ 160–61.

Moreover, the Court finds that at this stage, Citizens Bank's purported duties to accurately reflect Plaintiff's account balances and to notify Plaintiff of ongoing fraudulent activity are duties "imposed by the law of torts and[ ] hence exists, regardless of the contract." Bruno, 106 A.3d at 68–69. Thus, the aiding and abetting fraud claim is not barred by the gist of the action doctrine.

Lastly, Plaintiff's claim is not time-barred because at this juncture, the Court cannot determine whether application of the discovery rule to toll the two-year statute of limitations is

appropriate. See supra at 8–9. The Court will therefore **deny** Citizen Bank's motion to dismiss Count IV.

### E. Plaintiff States A Claim For Breach Of Contract

In her alternative claim for breach of contract in count V of the Amended Complaint, Plaintiff alleges that Citizens Bank breached the HELOC Agreement by improperly extending Plaintiff an additional $105,000 of credit beyond the HELOC Agreement's $132,000 credit limit cap without obtaining Plaintiff's consent. Am. Compl. ¶¶ 172–73; ECF 22 at 48–49; id. at 49 n. 36. Citizens Bank responds that the Amended Complaint alleges that the additional $105,000 Plaintiff transferred from her HELOC to her checking account was not an extension of credit, but an overdraft on Plaintiff's line of credit. Am. Compl. ¶¶ 9–10, 85–86. Citizens Bank points to the terms of the HELOC Agreement, as expressly recited by Plaintiff in her opposition brief, which provide that "your credit limit will not be increased should you overdraw your Credit Line Account." ECF 22 at 48 (quoting Am. Compl., Ex. A ¶ 5).

The Amended Complaint alleges that the $105,000 was an overdraft of Plaintiff's line of credit, but at this stage the Court will not interpret the HELOC Agreement's provisions to determine whether that constitutes an additional extension of credit. The Court will therefore **deny** Citizens Bank's motion to dismiss Plaintiff's alternative claim for breach of contract, which will proceed to discovery.

## VI. CONCLUSION

For the foregoing reasons, Citizen Bank's Motion is **GRANTED IN PART** and **DENIED IN PART**. Citizen Bank's Motion is **GRANTED** as to the negligence per se claim, and is **DENIED** as to the negligence, UTPCPL, aiding and abetting fraud, and breach of contract claims.